IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM BRONSON FLOWERS | § | |
| v. | § | CIVIL ACTION NO. 6:17cv474 |
| MATTHEW LEE LOPEZ | § | |

## ORDER ADOPTING INITIAL REPORT AND ENTERING PARTIAL DISMISSAL

The Plaintiff William Flowers, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. The parties have now consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding in accordance with 28 U.S.C. §636(c).

**I. Background**

In his original complaint, Flowers named former physician's assistant Matthew Lee Lopez as the sole defendant. He stated that on August 17, 2015, while confined at the East Texas Treatment Facility, he woke up with tingling and numbness in his feet. He saw a physician, who asked how he was doing with his diabetes. Flowers replied that he did not have diabetes, but the physician informed him that he did have diabetes and now had neuropathy as a result of not treating the diabetes. The physician showed him lab results indicating that he was an insulin-dependent diabetic. Flowers asserts that this was the first time he had learned of this because he had never been told of the lab results nor prescribed any medication.

Flowers states that he filed a complaint with the state medical board and an investigation was begun. He furnished copies of documents from the Texas Physician Assistant Board which show that Lopez was investigated for using abusive and demeaning language in communicating with

patients and office staff and that Lopez had a pattern of leaving work early without telling anyone, but these documents do not contain any mention of Flowers or of the specific situation raised in Flowers' complaint.

In an amended complaint filed March 31, 2018, Flowers sought to add a number of additional defendants, including TDCJ-CID Director Lorie Davis, TDCJ Executive Director Bryan Collier, Director of the TDCJ Private Facility Contract Division Cody Ginsel, TDCJ Health Services Division Director Lannette Linthicum, Warden Sperry of the Gurney Unit, Dr. Aurelia Buju of the Gurney Unit, Warden Robert Shaw of the Bradshaw Unit, Dr. James Gray of the Bradshaw Unit, Warden Greg Shirley of the East Texas Treatment Facility, Dr. Lorenz Kielhorn of the East Texas Treatment Facility, and Dr. Theodore Hall of the East Texas Treatment Facility.

The amended complaint recounts the events of August 17, 2015, identifying Dr. Hall as the physician whom Flowers saw that day. Flowers states that a lab report dated July 24, 2014, ordered by Dr. Buju at the Gurney Unit, showed results "consistent with diabetes" but he was never told of these results. Similarly, Flowers asserts that similar lab results were recorded by Dr. Gray on January 6, 2015, and by Dr. Hall on June 30, 2015, but he did not learn of these results until his sick call visit on August 17, 2015. Furthermore, Flowers contends that he was never offered a therapeutic diet while at the Bradshaw Unit or the East Texas Treatment Facility.

While at the East Texas Treatment Facility, Flowers states he was told that his medical records from before his transfer to the facility were unavailable, which he contends is a violation of TDCJ rules requiring that records be kept together.

**II. The Initial Report of the Magistrate Judge**

Prior to the parties consenting to allow the undersigned Magistrate Judge to enter final judgment, an initial Report was issued concerning the claims raised in Flowers' original and amended complaints. This Report noted first that Flowers' original complaint was signed on August 6, 2017, citing the incident of August 17, 2015, and named only Lopez as a defendant. His amended pleading was signed on March 8, 2018.

2

The Report stated that claims under 42 U.S.C. §1983 are governed by Texas' two-year statute of limitations and set out Fed. R. Civ. P. 15(c), governing the relation back of amended pleadings. Under this doctrine, an amendment naming a new defendant will relate back to the date of the original complaint if the claim asserted arose out of the same conduct set forth in the original pleading and the new defendant, within the time provided by Fed. R. Civ. P. 4(m), received notice of the filing of the original action so that he would not be prejudiced in presenting a defense on the merits, and the new defendant knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the new party. Schneider v. Harris County Sheriff's Department, civil action no. 4:07cv2732, 2008 U.S. Dist. LEXIS 85565, 2008 WL 4692436 (S.D.Tex., October 21, 2008) (order denying motion for leave to amend). However, the failure to identify individual defendants cannot be characterized as a mistake. Miller v. Mancuso, 388 F.App'x 389, 2010 U.S. App. LEXIS 14567, 2010 WL 2802402 (5th Cir., July 15, 2010). Where the failure to name the correct defendants was the result of lack of knowledge of their identity rather than a mistake in their names, relation back does not apply. Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir. 1998).

In the present case, Flowers' original complaint named only Lopez as a defendant and cited the incident of August 17, 2015. The amended complaint, signed in March of 2018, added Dr. Hall as a defendant with regard to the August 17, 2015 incident as well as an incident in June of 2015. Flowers also adds Dr. Buju as a defendant in connection with a July 2014 incident and Dr. Gray in connection with a January 2015 incident.

According to Flowers, he learned that he was diabetic during an appointment with Dr. Hall in August of 2015. Documents attached to the original complaint show that Flowers was a patient in a chronic care clinic in the summer of 2015 and was told by a nurse that he would go over his lab results with that clinic. However, he did not sign his original complaint until August 6, 2017, almost two years after learning from Dr. Hall that he was diabetic. He then signed the amended complaint

3

on March 8, 2018, seven months after the original complaint was filed and well after the limitations period beginning at the August 17, 2015 meeting with Dr. Hall had expired.

**III. Flowers' Objections to the Report**

The Report concluded that Flowers' limitations period expired as to all of the Defendants except for Lopez because his amended complaint did not relate back to the original. In his objections, Flowers asserts that he referred to other persons in his original complaint and argues that the amended complaint should relate back to the original because it asserts a claim which arose out of the conduct, transaction, or occurrence set out in the original pleading.

Flowers' original complaint contains a paragraph reading as follows:

> Upon information and belief, there are other persons in the same, similar, or related capacities at ETTF and other TDCJ units that showed the same deliberate indifference to the plaintiff's serious medical needs that should and probably will be named defendants in an amended complaint at such time that the plaintiff's means and resources are sufficient to obtain the necessary information. Requests for records on periods prior to arrival at ETTF have thus far been ignored, avoided, or denied. See Exhibit D.

Exhibit D to Flowers' original complaint is a letter to an investigator from the Medical Board dated November 10, 2015, stating that he believed his condition developed before his transfer to the East Texas Treatment Facility but he has not yet received any of his medical records.

The reference in Flowers' original complaint to the "other persons ... that should and probably will be named defendants in an amended complaint" is not a mistake concerning the identity of the proper party, but the lack of knowledge of the proper party's identity. As such, the amended complaint identifying these parties does not relate back to the original. The Report summarized the Fifth Circuit's holding in Jacobsen as follows:

> The plaintiff in Jacobsen sued the wrong police officer, incorrectly believing him to have been the arresting officer. The plaintiff also sued an unnamed 'John Doe' sheriff's deputy. After the limitations period expired, the plaintiff sought to amend his complaint to name the proper arresting officer and sheriff's deputy, and the district court denied the requested amendment. The Fifth Circuit held that the naming of the proper arresting officer was the correction of a mistake and thus permissible, but the claims against the sheriff's deputy were barred by limitations. As with the sheriff's deputy in that case, Flowers' identification of the new defendants in his amended complaint was not the correction of a mistake and thus does not relate back to the filing of the original complaint.

4

Flowers does not explain why he waited just 11 days short of two years after the August 17, 2015 incident in which to file suit; had he done so in a more timely manner, he could have had time to conduct discovery and ascertain the identities of the other persons whom he wished to sue within the limitations period, thus permitting him to amend his complaint and add them. Because the identification of the new defendants in the amended complaint does not relate back to the filing of the original complaint, Flowers' claims against these new defendants are barred by the statute of limitations and his objections in this regard are without merit.

Similarly, Flowers filed a motion on June 4, 2018, to add two additional defendants to the second amended complaint (docket no. 40), these being Corrections Corporation of America and the Management and Training Corporation. As with the individual defendants whom Flowers attempted to add via amendment, his claims against these entities are barred by the statute of limitations. As such, his requested amendment is futile. Hanna v. LeBlanc, 716 F.App'x 265, 2017 U.S. App. LEXIS 25042, 2017 WL 6349470 (5th Cir., December 12, 2017) (leave to amend was properly denied as futile where the claims against the parties to be added would be barred by limitations).

Flowers next objects that a "TDCJ violation" took place because when he asked for his medical records from the East Texas Treatment Facility, he was told that they were unavailable, which he believes is not true. Flowers asserts that according to the Correctional Managed Health Care Policy Manual, all medical records on an inmate are to be transferred with the inmate at the time of the transfer.

The Fifth Circuit has stated that a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Flowers' allegation that TDCJ policies were violated by the failure to provide him with his medical records or to have all his records at the East Texas Treatment Facility is without merit.

Flowers appears to complain that the Report stated that his complaint to the Texas Medical Board only involved Lopez, when in fact his complaint was registered against both Dr. Hall and

Lopez. He points to a letter he wrote to the Medical Board received on September 9, 2015, in which he describes the events of August 17, 2015 and says "I have seen a Hall and a Lopez while here at ETTF, I don't know if they are doctors because I have not seen any credentials posted." (Docket no. 1-1, pp. 19-22). As the Report states, the documentation which Flowers received from the Board and attached to his complaint mentions only Lopez. The on-line records of the Texas Medical Board do not reflect that any disciplinary action was pursued against Dr. Hall over the allegations raised in Flowers' complaint. Flowers' objection in this regard is without merit. Finally, Flowers states that he has no objection to the dismissal of the supervisory defendants.

## IV. Conclusion

In light of the parties' consent to allow the undersigned United States Magistrate Judge to enter final judgment, the Court has reviewed the Plaintiff's objections *de novo* and has determined that these objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 43) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the Plaintiff's motion for leave to file his first amended complaint (docket no. 30) is **GRANTED**. Fed. R. Civ. P. 15(a). It is further

**ORDERED** that the Plaintiff's motion to add two additional defendants to his amended complaint (docket no. 40) is **DENIED** inasmuch as the addition of these two defendants would be futile. It is further

**ORDERED** that the Plaintiff's motion for a default judgment (docket no. 41) is **DENIED** because the Defendant Matthew Lopez has appeared in the case through counsel.

**So ORDERED and SIGNED this 31st day of August, 2018.**

6

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE